NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRISTOBAL SANTIAGO LUCAS
SANTOS,

  Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

  Respondent.

No.   18-71544

Agency No. A208-417-844

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Cristobal Santiago Lucas Santos ("Lucas Santos"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' (the "BIA")

dismissal of his appeal and denial of his applications for asylum, withholding of

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). Before us Lucas Santos asserts that: (1) he was prejudiced by his attorney's incompetence before the agency; (2) the BIA erred in adopting the Immigration Judge's (the "IJ") adverse credibility finding; (3) the BIA failed to address the merits of his claims for withholding and removal; and (4) the BIA erred in dismissing his claim for CAT relief. We have jurisdiction pursuant to 8 U.S.C. § 1252(a) and we affirm.

**1.** Lucas Santos did not raise his ineffective assistance of counsel claim before the BIA. Accordingly, this issue is not exhausted, and we do not have jurisdiction to address it. *See Puga v. Chertoff*, 488 F.3d 812, 815–16 (9th Cir. 2007).

**2.** Lucas Santos's challenges to the IJ's adverse credibility finding fail because that finding is supported by substantial evidence in the record. We review the agency's "factual findings, including adverse credibility determinations, for substantial evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (citing *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013)). We must uphold an adverse credibility determination "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). Accordingly, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting

2

*Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Although Lucas Santos offered a reasonable explanation for the confusion concerning the date of his brother's death, the explanation does not compel the conclusion that he was credible. The adverse credibility determination is further supported by Lucas Santos's conflicting statements that: (1) his brother was killed by members of another family that owed his brother money; (2) he does not know who these people are but they once threatened to kill him; (3) the threat came through Lucas Santos's uncle; and (4) the threat was made directly to Lucas Santos over the phone. Moreover, there is evidence that Lucas Santos lied to immigration officers in 2008 and offered a different reason for entering the United States in 2015.

**3.** Lucas Santos's claim that the BIA failed to address the merits of his claims for asylum and withholding of removal fail because if the adverse credibility determination is upheld, these claims necessarily fail.

**4.** Lucas Santos's claim for CAT relief is also unpersuasive. To qualify for relief, he must establish that that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 1208.16(c)(2)). The applicant must also show that torture will be by public officials or instigated with their consent or acquiescence. *Id*. (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188

(9th Cir. 2003)).  Here, even taking Lucas Santos at his word, he was never physically harmed, never informed the police about the alleged threat, resided in Guatemala for a year after receiving the alleged threat without any additional threat, and failed to show that the public officials will not or cannot protect him. Contrary to what Lucas Santos contends, the BIA did not err by failing to specifically mention his country conditions evidence.  *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004).

The petition for review is **DENIED.**